

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 7 2018

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MASOUD BAMDAD,                   §
                                 §
        Applicant,               §
                                 §
VS.                              §   NO. 4:18-CV-884-A
                                 §
ERIC A. WILSON, WARDEN,          §
                                 §
        Respondent.              §

MEMORANDUM OPINION AND ORDER

Came on for consideration the application[1] of Masoud Bamdad

("Bamdad") for a writ of habeas corpus under 28 U.S.C. § 2241.

The court, having considered the application, the memorandum in

support, the record, and applicable authorities, finds that the

application is really a successive motion under 28 U.S.C. § 2255

over which the court lacks jurisdiction.

I.

Application

On October 29, 2018, Bamdad filed his application, asserting

four grounds for relief, worded as follows:

GROUND ONE: Misapprehension of the 4th and 5th
Amendments violation claims by misapplying the
established law by the trial court. See attached
Memorandum of points. . .

---

[1]The document filed by applicant reflects that it is a "petition" and that he is "petitioner."
However, the statute itself, 28 U.S.C. §2241, refers to "application" as being the proper nomenclature.

> GROUND TWO: As of today, no court has addressed the
> defect(s) of Bamdad's indictment, most likely due to
> the fact that the indictment is invalid and should [be]
> discarded.

> GROUND THREE: Denied by the district court. the same
> as other grounds.

> GROUND FOUR: Dismissed by the district court, the same
> as other grounds, with applying wrong procedural
> standard of procedurally defaulted. where Bamdad raised
> all his claims under Ineffective Assistance of Counsel
> (IAC).

Doc.[2] 1 at 5-6. The application reflects that Bamdad has

unsuccessfully filed a motion under § 2255 in the United States

District Court for the Central District of California, where he

was convicted. In the memorandum attached to the application,

Bamdad also refers to another application under § 2241 he filed

while incarcerated in Illinois. Doc. 1 at PageID[3] 35. He says

that the Illinois court and the Seventh Circuit concluded that

his claims fell under § 2255 and refused to consider them. Id.

Bamdad also refers to motions he filed in the Central District of

California, which were denied. Id. at PageID 34-35. Bamdad says a

miscarriage of justice has happened and he is actually and

legally innocent of his wrongful conviction with numerous due

process violations. Id. at PageID 36.

---

[2]The "Doc. __" reference is to the number of the item on the docket in this action.

[3]The "PageID __" reference is to the page number assigned by the court's electronic filing system and is found at the top right corner of the document on ECF.

II.

## Applicable Legal Principles

An application for writ of habeas corpus under 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 serve distinct purposes. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 is used to challenge errors that occurred during or before sentencing. Id.; Ojo v. I.N.S., 106 F.3d 680, 683 (5th Cir. 1997). Section 2241 is a means of attacking the manner in which a sentence is executed. Pack, 218 F.3d at 451; Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 application that challenges the validity of a conviction and sentence is ordinarily dismissed or construed as a § 2255 motion. Pack, 218 F.3d at 452.

A federal prisoner may challenge the legality of his detention under § 2241 if he falls within the "savings clause" of § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Hence, the court may consider a petition attacking a sentence under § 2241 "if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective." Tolliver, 211 F.3d at 878 (emphasis in original).

The bar against filing successive § 2255 motions does not render § 2255 inadequate or ineffective so as to allow a petitioner to invoke the savings clause of § 2255. Tolliver, 211 F.3d at 878. Nor does the time bar, the one-year limitations period, for filing such motions. Pack, 218 F.3d at 452. Instead, the savings clause of § 2255 applies only to a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). The first prong is generally considered the "actual innocence" requirement. Id.

When an applicant cannot satisfy the savings clause, the proper disposition is dismissal of the § 2241 application for want of jurisdiction. Christopher v. Miles, 342 F.3d 378, 379, 385 (5th Cir. 2003); Lang v. Wilson, No. 4:16-CV-1018-), 2018 WL 684890, at *3 (N.D. Tex. Feb. 1, 2018).

4

III.

## Analysis

A study of the memorandum submitted in support of Bamdad's application discloses that his claim of actual innocence is not based on a new holding, i.e., a retroactively applicable decision, of the Supreme Court establishing that Bamdad was convicted of a nonexistent offense. See Reyes-Requena, 243 F.3d at 904 (citing cases). Rather, Bamdad argues that he should not have been convicted, relying on arguments he apparently urged on appeal and again in his prior § 2255 motion. Among other things, he says he was set up by the DEA and that his indictment is invalid and defective. Doc. 1 at PageID 16-19. Accordingly, the savings clause does not apply and Bamdad has not shown that he is entitled to proceed through § 2241.

IV.

## Order

The court ORDERS that Bamdad's application under 28 U.S.C. § 2241 be, and is hereby, dismissed for lack of jurisdiction.

SIGNED November 7, 2018.

JOHN McBRYDE
United States District Judge